UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CARL LYNN SCOTT, Petitioner | CIVIL ACTION NO. 5:18-CV-008-P |
| VERSUS | JUDGE ELIZABETH E FOOTE |
| JERRY GOODWIN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se Petitioner Carl Lynn Scott ("Scott") (#703541). Scott is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana. Scott challenges his convictions of forcible rape and second degree kidnapping.

I. Background

Scott was convicted of forcible rape and second degree kidnapping in the First Judicial District Court, Caddo Parish. State v. Scott, 209 So. 3d 248, 250 (La. App. 2d Cir. 2016), writ denied, 229 So. 3d 478 (La. 2017). Scott received consecutive 25-year sentences. Id. Through counsel, Scott appealed his sentence as excessive. He also filed a pro se brief raising a speedy trial issue. Id. The appellate court affirmed the convictions and the sentence for second degree kidnapping. Finding Scott's sentence for forcible rape was illegally lenient, that conviction was remanded for resentencing. Id. The Louisiana Supreme Court denied writs. See State v. Scott, 229 So. 3d 478 (La. 2017).

Scott's only claim in his § 2254 petition is that he was denied a speedy trial in violation of his due process rights. (Doc. 1, p. 5).

## II. Instructions to Amend

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

The opinion of the appellate court indicates that Scott only claimed he was denied a right to speedy trial under Louisiana law. See State v. Scott, 209 So. 3d at 254. In order to determine whether Scott presented a federal constitutional issue to

2

the Louisiana courts, Scott shall state whether he alleged the violation of a constitutional right in his pro se appellate brief. Scott shall also supplement his petition with a copy of his appellate briefs filed in the Louisiana Second Circuit Court of Appeal and Louisiana Supreme Court raising the speedy trial issue.

IT IS ORDERED that Scott amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above. If additional time is required, Scott must file a motion for extension of time within which to comply with the Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __15th__ day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge