UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CARL LYNN SCOTT,<br>Petitioner | CIVIL ACTION NO. 5:18-CV-008-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JERRY GOODWIN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

**REPORT AND RECOMMENDATION**

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se Petitioner Carl Lynn Scott ("Scott") (#703541). Scott is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Scott challenges his convictions of forcible rape and second degree kidnapping.

Because Scott cannot establish a speedy trial violation and cannot show that he fairly presented his constitutional claim to the state courts, Scott's petition should be dismissed.

**I.   Background**

Scott was convicted of forcible rape and second degree kidnapping in the First Judicial District Court, Caddo Parish. State v. Scott, 209 So. 3d 248, 250 (La. App. 2d Cir. 2016), writ denied, 229 So. 3d 478 (La. 2017). Scott received consecutive 25-year sentences. Id. Through counsel, Scott appealed his sentence as excessive. He also filed a pro se brief raising a speedy trial issue. Id. The appellate court affirmed the convictions and the sentence for second degree kidnapping. The court found

Scott's sentence for forcible rape was illegally lenient, and that conviction was remanded for resentencing. Id. The Louisiana Supreme Court denied writs. See State v. Scott, 229 So. 3d 478 (La. 2017).

Scott's only claim in his § 2254 petition is that he was denied a speedy trial. (Doc. 1, p. 5).

II. Law and Analysis

    A. Scott did not fairly present the nature of his federal claim to the state courts.

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific

2

constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

The appellate court's opinion indicates that Scott only claimed he was denied a right to speedy trial under Louisiana law.  See State v. Scott, 209 So. 3d at 254.  In his appellate brief, Scott claims that his right to a speedy trial was violated because the trial court did not afford Scott a contradictory hearing within 30 days of filing a pro se motion for speedy trial as required by article 701(F) of the Louisiana Code of Criminal Procedure.  (Doc. 8, p. 23).  In his appellate brief, Scott merely mentions the Sixth and Fourteenth Amendments and one case, Barker v. Wingo, 407 U.S. 514 (1972).  Scott's appellate brief does not provide any argument to support the alleged violation of federal law, nor does the appellate brief provide how, or if, the Barker case is applicable.  (Doc. 8, p. 23).

The true crux of Scott's argument in the state courts was that the trial judge failed to comply with a state procedural rule.  "A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights."  Wilder v. Cockrell, 274 F.3d 255, 260 (5th Cir. 2004).  Thus, Scott's fleeting reference to constitutional amendments and the Barker case was insufficient to reasonably alert the state courts of the federal nature of his claim.

B. <u>Scott cannot meet the requirements of Barker v. Wingo.</u>

Even if Scott adequately presented his claim to the state courts, he cannot establish a <u>Barker</u> violation. The <u>Barker</u> factors, used to analyze a constitutional speedy trial claim, are: (1) the length of trial delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. <u>Barker</u>, 470 U.S. at 530. First, Scott does not identify the length of his trial delay. In his appellate brief from state court, Scott mentions that he filed a pro se speedy trial motion on December 20, 2013, which was not verified by affidavit of his counsel. (Doc. 8, p. 19). According to Scott, the trial court did not set a contradictory hearing on his pro se motion, as required by article 701 of the Louisiana Code of Criminal Procedure. (Doc. 8, p. 20). On April 13, 2015, the motion was denied, along with Scott's pro se motion to quash his bill of information. (Doc. 8, p. 20).

Scott does not allege any reason for the purported delay in his trial. Scott did not claim here, or on appeal, any bad faith on the part of the prosecutor. In fact, there is no indication that any delay between the date of Scott's arrest and the date of his trial was the result of anything other than what the trial court's docket and calendar permitted. As previously noted, Scott's true complaint is that he did not receive a timely contradictory hearing as required under Louisiana's procedural rules, which amounts to a state procedural violation rather than a federal constitutional violation.

4

Next, although Scott filed a pro se motion for speedy trial, he did not seek writs from the appellate court to direct the trial court to hold a contradictory hearing, nor did Scott file any subsequent motions for speedy trial.

Finally, Scott does not claim that he suffered any prejudice resulting from the alleged trial delay. In his appellate brief, Scott mentions that his witness "could not keep taking off work." (Doc. 8, p. 23). However, Scott does not allege whether this witness was, or was not, ultimately available to testify at his trial, whether the witness was subpoenaed, or how the witness's testimony would have changed the outcome of the trial. Scott has only presented "vague and conclusory allegations," which are "insufficient to constitute proof of prejudice." Tarver v. Banks, 541 F. App'x 434, 437 (5th Cir. 2013) (citing Goodrum v. Quarterman, 547 F.3d 249, 262 (5th Cir. 2008)).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Scott's § 2254 petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of April, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge